UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| | : | |
| v. | : | Cr. No. 21-mj-696 (GMH) |
| | : | |
| MATTHEW STITT JOHNSON | : | |

### DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S MOTION FOR PROTECTIVE ORDER

Matthew Johnson, through undersigned counsel, respectfully submits this limited Opposition to the Government's Motion for a Protective Order. ECF 9. Attached hereto, as Exhibit A, is a red-lined version of the government's proposed Order which is nearly identical to the government's Proposed Order with the exceptions set forth below. In sum, the defense objects to three aspects of the Government's Proposed Protective Order. First, the government's Proposed Order covers "***All*** materials provided by the United States in preparation for, or in connection with, any stage of this case…." ECF 9-1 at 1. In addition, the government's Proposed Order places limitations on copying materials that would arguably be violated by downloading discovery on the Federal Public Defender server. Third, the government's Proposed Order does not provide for an "Alternative Viewing Procedure" that is typically proposed by the U.S. Attorney's Office. The defense proposes discrete modifications to these points in addition to non-substantive edits. The government has rejected the defense's overtures for modifying the Proposed Order.

### SUMMARY OF ARGUMENT

The defense welcomes the government's desire to disclose promptly the discovery in this case, as they are required to do. However, the Court should not allow the government to

leverage its duty of prompt disclosure against the defense by forcing the defense to agree to a blanket, overly broad protective order that is unduly and improperly burdensome for defense counsel, conflicts with normal file storage policies and systems within the Office of the Federal Public Defender ("FPD")   and infringes upon Mr. Johnson's Fifth and Sixth Amendment rights, for no apparent reason.   This is not a case involving any national security issue and the alleged complainant is allegedly known to Mr. Johnson.   While there may be relevant privacy issues,[1] the government does not specify good or specific cause for a blanket protective order for "all materials." The defense opposes the government's Motion but consents to an Order where the government designate certain information (for example medical records) as "sensitive" and subject to the protective order (and consistent with the law).   However, police and arrest reports, 302's, 911 calls, radio runs, body worn camera footage are among the many types of evidence that should not be covered by a protective order.   Similarly, there is no reason to believe there is any threat to witness safety in this case and the defense's proposal is sufficient to address any general concerns.   The government has offered no cause at all for its proposed protective order and its Motion should be, at least in part, denied.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 16(d)(1) allows the Court to, "for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief" by entering a protective order.   "Protective orders are the exception, not the rule, and appropriate reasons must be given for their entry."   *United States v. Stone*, No. 10-20123, 2012 WL 137746, at *3 (E.D. Mich. Jan. 18, 2012).   "The party seeking a protective order bears the burden of proving its

---

[1] Counsel has relayed to the government that the defense would not object to an order where items such as personal identifying information are subject to the Order and that the defense would not oppose redactions (leaving initials).

necessity and must articulate specific facts showing clearly defined and serious injury resulting from the discovery sought." *United States v. One Gulfstream G-V Jet Aircraft Displaying Tail No. VPCES*, 304 F.R.D. 10, 12 (D.D.C. 2014) (quotation marks omitted) (quoting *Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C. 1987)); *see also United States v. Smith*, 985 F. Supp. 2d 506, 523 (S.D.N.Y. 2013) ("Good cause exists 'when a party shows that disclosure will result in a clearly defined, specific and serious injury.'" (quoting *In re Terrorist Attacks on September 11, 2001,* 454 F. Supp. 2d 220, 222 (S.D.N.Y. 2006))). "A finding of harm must be based on a particular factual demonstration of potential harm, not on conclusory statements." *Smith*, 985 F. Supp. 2d at 523 (quotation marks and citation omitted).

"Whereas blanket protective orders are useful and expeditious in large scale litigation, they can be overbroad and unnecessary." *United States v. Williams*, No. 15-10145-RGS, 2015 WL 5923551, at *3 (D. Mass. Oct. 9, 2015) ((quotations and citation omitted)). And notably, "to establish good cause based on the interests of third parties, the Government may not rely on conclusory allegations." *Smith*, 985 F. Supp. 2d at 528.

"[C]ourts should take care to ensure that the protection afforded to [discovery] information is no broader than is necessary to accomplish the [proffered] goals" of the protective order. *Id.* at 524.

## ARGUMENT

The government seeks a broad, blanket protective order to protect the "personal identity information and other sensitive information … that the government has provided, or will provide, to the defense in this case." ECF 9 at 1. To be clear, the defense has no objection to a protective order protecting the personal identity information and a defined subsection of

3

"sensitive" information. But the government's Proposed Protective Order covers "all materials provided" "in connection with any stage of this case." The proposal runs afoul of Rule 16 because it is substantially broader than that which is necessary to protect the government's specified goals.

## I. The Government's Proposed Protective Order is Unduly Burdensome

The government's protective order includes a number of burdensome and restrictive provisions without any justification for these provisions. Instead, the Proposed Order shifts the burden on the defense to file a Motion in order to exclude information from that Order. As proposed, counsel would have to file a Motion before leaving with Mr. Johnson an affidavit in support of an arrest warrant, an evidence report, a crime scene diagram or a 302 stating that a phone had been recovered. The Protective Order would require counsel to sit with Mr. Johnson so that he could see his custodial interview, or even a transcript of the interview, or even shorthand notes from the interview.[2] There is simply no justification for this intrusion into Mr. Johnson's Fifth and Sixth Amendment rights and the government hardly attempts to provide one.

Significantly, the D.C. Circuit has recognized that a protective order should not limit defense counsel's ability to discuss the materials with the defendant or obtain his input. *See United States v. Cordova*, 806 F.3d 1085, 1091 (D.C. Cir. 2015). Indeed, "an essential component to the Sixth Amendment right to counsel is that a defendant be allowed to assist and participate meaningfully in his own defense." *United States v. Darden*, No. 3:17-CR-00124, 2017 WL 3700340, at *2 (M.D. Tenn. Aug. 28, 2017). And, the government has admitted in similar cases that a defendant has a "right to review all BWC material." *United States v. Andre*

---

[2] Counsel is currently prohibited from visiting Mr. Johnson in a legal visitation room. All visits must be conducted through a glass partition.

4

*Brown*, 18-cr-002 (RBW), Gov't Resp. to Court's Order to Show Cause Concerning the Protective Order for BWC Videos ¶ 6, ECF No. 17.   In contrast, the government here has provided no particularized justification for limiting Mr. Johnson's access to discovery in this case.

    **II.**    **The government's Proposed Protective Order unnecessarily burdens the defense.**

    The defense also seeks to eliminate a portion of paragraph 4 of the government's Proposed Protective Order – that is, the requirement that counsel "instructs [authorized] persons that further disclosure is prohibited." Counsel has informed the government that the Federal Public Defender has a shared network for discovery that can be compartmentalized. Thus, every employee at the Federal Public Defender has equal access to all discovery materials.   This system poses no risk to the government's concerns - all employees of the Federal Public Defender are of course obliged to comply with D.C. Rules of Professional Responsibility 1.3 and 1.6 which requires that all discovery must be kept confidential.   In other words, the government's proposed language in paragraph 4 does not address any reasonable or rational concern.

    The government, however, would have the Court require that defense "counsel instructs such other persons that further disclosure is prohibited." But if the counsel uploads discovery onto the FPD network, he is "reveal[ing] discovery" to all other employees and must then instruct that further disclosure is prohibited.   Such a requirement would be pointless and unduly burdensome.

    Notably, in recent years, the U.S. Attorney's Office has reached a resolution regarding protective orders in cases involving a spectrum of crimes. In all of these cases, the USAO-DC

has taken a balanced position that recognizes a Defendant's constitutional rights and agreed to a standard protective order that avoids the issue raised here.   Those orders define the Legal Defense Team as "all agents, representatives, and employees of the individual defense counsel or the Federal Public Defender's Office."   *See e.g. United States v. Marx Jackson*, 19-cr-126 (BAH) at 12.   Here, the government narrowly defines defense counsel only as "counsel of record in this case."   These distinctions serve to create an undue burden beyond the scope of the purpose of a protective order.

    **III.**    **The government's proposed Protective Order does not permit the Defendant to view discovery without the presence of counsel.**

In typical Protective Orders proposed by the USAO-DC, Defendants are allowed to view discovery, including sensitive discovery through an Alternative Viewing Procedure. *See e.g. Jackson, supra*¸ ECF 12 at 2; *United States v. Ayres*, 21-156 (JDB) ECF 24 at 4[3]. Through this procedure, defense counsel are permitted to provide electronic copies of discovery to a custodian, e.g. the Department of Corrections, and the facility is required to permit defendants to view the discovery by providing laptops.   This procedure allows the Defendant to maintain his ability to confer with his attorney about the evidence but also protects the government's interest by preventing the Defendant to retain copies of the discovery.

This exact process was one of the causes for the groundbreaking decision by the U.S. Marshals to transport all federal defendants away from the D.C. Jail to USP Lewisburg.   The D.C. Jail's inability to provide laptops in a timely manner (thereby violating the defendants' rights to access their discovery and assist their counsel) was a significant factor in the U.S.

---

[3] The defense understands the *Ayres* protective order to be the protective order governing all January 6th cases.

Marshal's decision to transfer federal defendants to USP Lewisburg.  *United States v. Lewis*, ECF 140 at 2 ("The Court has raised its concern with the Chief Judge and the members of the Court's committee that meets with DOC officials and now the Deputy Mayor, and expects them to take additional steps to address counsel access and discovery review issues.").  It is thus somewhat stunning that the government is now taking the position that Mr. Johnson cannot view his own discovery at all – unless counsel is sitting with him.  This is not the case where the defendant has a history of obstructing justice – he has no prior convictions and there is no evidence to suggest that Mr. Johnson would misuse any of the discovery that the government intends to provide.

    **IV.**    **Paragraph 2 of the government's Proposed Protective Order should be clarified.**

Mr. Johnson does not object to Paragraph 2 as it relates to "Confidential Materials" provided by the government in discovery.  However, the Order as proposed by the government includes confusing language that seems to prohibit the use of names that the defense gathers through its own investigation. The defense thus proposes that the subheading read "Confidential Materials Disclosed by the Government".

    **V.**    **Body Worn Camera footage should not be subject to the Protective Order**

The government also alludes to Body Worn Camera footage, suggesting that there is a separate basis to subject such footage to a protective order.  ECF 9 at 8.  The U.S. Attorney's Office has acknowledged in the Capitol Cases that body worn camera discovery need not be covered by Protective Order.  *United States v. Ayres*, 21-156 (JDB) ECF 24 at 2, n. 1 ("To be clear, this does not include footage from body worn cameras from other police departments that responded on January 6, 2021, the vast amount of which the United States will not designate as

Sensitive or Highly Sensitive. (Body worn camera footage will be marked Sensitive or Highly Sensitive only if it contains material described in paragraph one above of this Order or for a similar reason not anticipated by this Order.))

Counsel consents to an Order where body worn camera footage that contains personal identifying information should be redacted.

## CONCLUSION

For the foregoing reasons, Mr. Johnson respectfully requests that the Court deny the government's motion for a protective order.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER


_____/s/_____
EUGENE OHM
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500