**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MATTHEW STITT JOHNSON<br><br>Defendant. | Criminal Action No. 22-129 (JMC) |

**PRETRIAL ORDER**

As discussed during the Status Conference held in this case on July 20, 2022, and in order to administer the trial of this case in a manner that is fair and just to the Parties and is consistent with the goal of completing the trial in the most efficient manner, it is hereby

**ORDERED** that the trial of this case will commence on **August 29, 2022, at 9:30 AM** in Courtroom 21. It is further

**ORDERED** that any motions in limine, motions to suppress, and expert notice are due by **August 1, 2022**. Oppositions are due by **August 10, 2022**, and replies are due by **August 15, 2022, at 11:00 AM**. It is further

**ORDERED** that a pretrial conference will be held on **August 17, 2022, at 10:30 AM** in Courtroom 21. It is further

**ORDERED** that the Parties' joint pretrial statement is due by **August 15, 2022, at 11:00 AM**. In addition to filing the joint pretrial statement on the public docket, the Parties will submit a version of the statement in Microsoft Word format to Cobb_Chambers@dcd.uscourts.gov. The joint pretrial statement will include:

a. <u>written statements</u> (i) by the Government setting forth the terms of any plea offer made to Defendant and the date such offer was made and lapsed; and (ii) by Defense Counsel indicating (1) the dates on which the terms of any plea offer were communicated to Defendant and rejected, *see Missouri v. Frye*, 566 U.S. 134, 145 (2012) ("[D]efense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused."), and (2) the potential sentencing exposure communicated by the Defense Counsel to Defendant and the date on which such communication occurred, *see United States v. Rashad*, 331 F.3d 908, 912 (D.C. Cir. 2003);

b. <u>a one-paragraph joint statement</u> of the case for the Court to read to prospective jurors;

c. proposed *voir dire* <u>questions</u> that include:

    i. the *voir dire* questions on which the Parties agree; and

    ii. the *voir dire* questions on which the Parties disagree, with specific objections noted below each disputed question and supporting legal authority (if any);

d. <u>the text of proposed jury instructions</u>, which are formatted so that each instruction begins on a new page, and indicating:

    i. the instructions on which the Parties agree;

    ii. the instructions on which the Parties disagree, with specific objections noted below each disputed instruction and supporting legal authority (if any); and the proposed instruction's source (e.g., the Red Book, Matthew Bender's

Federal Jury Instructions) or, for modified or new instructions, its supporting legal authority;

e.  a list of expert witnesses, accompanied by a brief description of each witness's area of expertise and expected testimony, followed by specific objections (if any) to each witness;

f.  a list of prior convictions that the Government intends to use for impeachment or any other purpose, followed by specific objections (if any) to that use;

g.  lists of exhibits that the Parties intend to use during their cases-in-chief;

h.  lists of witnesses that the Parties intend to call during their cases-in-chief;

i.  any stipulations executed or anticipated to be executed;

j.  a proposed verdict form that includes a date and a signature line for the jury foreperson, as well as proposed special interrogatories (if any); and

**ORDERED** that any motions in limine or objections related to items on the exhibit list for either Party are due by **August 22, 2022**, and replies are due by **August 25, 2022**. It is further

**ORDERED** that all exhibits are to be marked in advance of trial and listed in order on the exhibit form obtained from the Courtroom Deputy Clerk. The written lists of exhibits must contain a brief description of each exhibit. At the commencement of trial, counsel will furnish the Court with two sets of binders containing their exhibit lists and copies of their pre-marked exhibits. It is further

**ORDERED** that the Government is under a continuing and ongoing obligation to provide Defense Counsel any favorable or exculpatory information (*Brady*), whether or not admissible in evidence. *Brady* information must be disclosed on a rolling basis—"the duty to disclose is ongoing." *Pennsylvania v. Ritchie*, 480 U.S. 39, 60 (1987). To the extent it has not already done

so, the Government must disclose information that may be useful for impeachment or may otherwise affect the credibility of any Government witness (*Giglio*)—including *Lewis* material—by **August 8, 2022.** *See United States v. Celis*, 608 F.3d 818, 835-36 (D.C. Cir. 2010). *Giglio* obligations are also ongoing.

**SO ORDERED.**

DATE: July 25, 2022

_____
Jia M. Cobb
U.S. District Court Judge