UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MATTHEW STITT JOHNSON | Case No. 22-cr-129 (JMC) |

**MOTION TO SEVER COUNTS**

Mr. Matthew Stitt Johnson respectfully moves this Honorable Court to sever counts one through four of the indictment, involving complainant 1 from counts five through eight of the indictment, involving complainant 2 and count nine of the indictment, involving complainant 3, as well as counts five through eight from count nine.  Mr. Johnson also moves to sever counts ten through fifteen of the indictment, all alleging various offenses relating to child pornography from the other counts.  All four sets of counts are improperly joined resulting in prejudice to Mr. Johnson.

**Background**

On April 18, 2022, the government filed an indictment against Mr. Johnson, alleging that Mr. Johnson violated 18 U.S.C. 2251(a), Sexual Exploitation of a Minor against complainant 1 and 18 U.S.C. 2252(a)(2), Receipt of Child Pornography. The government subsequently filed a superseding indictment on July 18, 2022. Counts one through four allege violations against complainant 1.  Counts two through four involve D.C. Code offenses.  Counts five through eight allege violations against complainant 2.  Counts six through eight involve D.C. Code offenses.  Count nine alleges a D.C. Code violation against complainant 3.  Counts ten through fifteen involve allegations of child pornography that appear to be unrelated to the remaining counts.

These four sets of counts are unrelated to one another and require presentation of evidence that is not mutually admissible.  These four sets of counts must therefore be severed from one another.

## Argument

**A. Severance is Required as the Three Sets of Counts Were Improperly Joined.**

Federal Rule of Criminal Procedure 8(a) provides that two or more offenses may be charged in the same indictment in a separate count for each offense if the offenses charged "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." The government bears the burden of producing or proffering facts to justify joinder. *United States v. Perry*, 731 F.2d 985, 990 (D.C. Cir. 1984). If the government cannot meet this burden, the offenses must be severed. 1 Wright, Federal Practice and Procedure sec. 145 (1982) (if there has been misjoinder, the trial court has no discretion to deny misjoinder motion).

Here, the four sets of counts are improperly joined because the offenses are not of the same or similar character, are not based on the same act or transaction, and are not part of a common scheme or plan. Indeed, count nine involves an allegation between January 1, 2015, and December 31, 2016.  Counts one through four allegedly occurred between March 1 and March 31, 2020.  Counts five through eight allegedly occurred between January 1, 2020, to August 31, 2020.  Counts one through four allege a different offense from counts five through eight and complainants of a markedly different age.  Count nine does not involve allegations of recording the allegation.  Counts ten through fifteen involve the possession, receipt or distribution of child

1

pornography. Therefore, in accordance with Rule 8(a), counts twelve and fifteen must be severed from the indictment.[1]

### B. A Joint Trial of these Offenses Would Severely Prejudice Mr. Johnson

Federal Rule of Criminal Procedure 14 ("Rule 14") provides: "If the joinder of offenses . . . in an indictment . . . appears to prejudice a defendant . . . the court may order separate trials of counts."

> It is a principle of long standing in our law that evidence of one crime is inadmissible to prove disposition to commit crime, from which the jury may infer that the defendant committed the crime charged. Since the likelihood that juries will make such improper inference is high, courts presume prejudice and exclude evidence of other crimes unless the evidence can be admitted for some substantial, legitimate purpose. The same dangers appear to exist when two crimes are joined for trial, and the same principles of prophylaxis are applicable.

*Drew v. United States*, 331 F.2d 85, 89 (D.C. Cir. 1964); *see United States v. Shelton*, 628 F.2d 54 (D.C. Cir. 1980). Joinder of offenses may prejudice a person in a variety of ways. For instance, "(1) [a person] may become embarrassed or confounded in presenting separate defenses; (2) the jury may use the evidence of one of the crimes charged to infer a criminal disposition on the part of the accused from which is found his guilt of the other crime or crimes charged; or (3) the jury may cumulate the evidence of the various crimes charged and find guilt when, if considered separately, it would not so find." *Johnson*, 820 F.2d at 1070 (quoting *Drew* 331 F.2d 85, 88).

In determining whether counts are properly joined, courts consider such factors as "whether the charges are laid under the same statute, whether they involve similar victims, locations, modes of operation, and the time frame in which the charged conduct occurred."

---

[1] It is possible that the four distribution counts, counts ten through thirteen, involve complainants one and two but that is unclear from the superseding indictment. Counts fourteen and fifteen appear to involve pornography that have nothing to do with any of the complainants.

2

*United States v. Edgar*, 82 F.3d 499, 503 (1st Cir. 1996).  Applying the *Edgar* standards to the four sets of counts, it is clear that the offenses should be severed. (1) The charges are not laid under the same statute; (2) there is insufficient similarity between the four sets of counts; and (3) the time frames are completely separate.

The chart below illustrates that the four sets of counts bear minimal similarity to each other but that they are ultimately unrelated.

|  | Similar victims | Modes of operation | Time Frame |
|---|---|---|---|
| Counts 1-4 | CW 1 – age 6-7 | <ul><li>Contact between hands and buttocks</li><li>Penis to vulva penetration</li><li>Penis to anus penetration</li><li>Allegedly recorded</li></ul> | March 1 to March 31, 2022 |
| Counts 5-8 | CW 2 – age 0 to 8 months | <ul><li>Finger to vulva penetration</li><li>Hand to buttocks</li><li>Penis to vulva penetration</li><li>Allegedly recorded</li></ul> | January 1, 2020 to August 31, 2020 |
| Count 9 | CW 3 – age 6-7 | <ul><li>Contact between hand and genitalia.</li><li>Not recorded</li></ul> | January 1, 2015 to December 31, 2016. |
| Counts 10-15 | Child Pornography offense | Child Pornography offense | Various dates from 2019 to 2021. |

As illustrated, there are at times differences in the complainants, at times differences in modes of operation and at times differences in dates.  For example, count 9 predated the other alleged offenses by over four years.  Counts 5-8 involve a very dissimilar complainant.  Counts 10-15 involve an entirely different kind of offense.

3

The presentation of evidence for the different allegations creates the very real danger that the jury will cumulate all evidence and "find guilt when, if considered separately, it would not so find." *Id.* As stated in *Drew*, the likelihood that juries will make an inference of criminal disposition under such circumstances is high, and therefore joinder of the four sets of counts would severely prejudice Mr. Johnson.

Additionally, evidence pertaining to the four sets of counts are not in any way relevant to each other. This is not evidence that would be admissible otherwise if Mr. Johnson was facing separate trials. The nature of the central allegations alone create a danger of unfair prejudice that substantially outweigh any potentially probative value. Simply put, if evidence of one allegation of sexual abuse is admitted in a joint trial with others, it would serve no other purpose but to severely prejudice Mr. Johnson with regard to the remaining sets of counts.

## Conclusion

For the foregoing reasons and such other reasons as may be presented at a hearing on this motion, Mr. Johnson respectfully moves this Honorable Court to sever the trial of the offenses charged in four sets of counts and to grant him four separate trials.

Respectfully submitted,

A.J. Kramer
Federal Public Defender

*/s/*
Eugene Ohm
Maria Jacob
Assistant Federal Public Defenders
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500